UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAKOTA R. MICHAUD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00058-LEW |
| | ) | |
| NURSE ALLISON, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint in which he alleges Defendant provided him with a higher dose of methadone than he was prescribed. (Complaint, ECF No. 1.) Plaintiff also filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (ECF No. 3.)

In accordance with the statute that governs actions in which a plaintiff is permitted to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## STANDARD OF REVIEW

In accordance with § 1915, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff alleges he was to receive an 80 mg does of methadone, but he was provided a 100 mg dose that was intended for another inmate at the jail.  Plaintiff did not describe the damages he suffered as the result of alleged error.

Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 would be governed by the Eighth Amendment to the United States Constitution.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded."  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects incarcerated people from state corrections officials' 'deliberate indifference to serious medical needs.'" *Zingg v. Groblewski*, 907

F.3d 630, 634-35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective inquiry.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

To demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id.* (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'" *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is

4

not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83. "For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Id.* (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). However, "when a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." *Feeney*, 464 F.3d at 162 (alterations and quotation marks omitted). Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Giroux v. Somerset County*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. 825 at 844); *see Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002) (recognizing that the focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

If the Court assumes that Plaintiff was prescribed methadone for substance use disorder, Plaintiff has alleged that he has a serious medical condition that requires medical care. Further, if the Court assumes that any deviation from the amount of methadone

prescribed constitutes inadequate care, Plaintiff could conceivably satisfy the objective prong of the deliberate indifference standard.

To satisfy the subjective prong of the deliberate indifference standard, Plaintiff's allegations must also support a finding that the alleged inadequate medical care was "purposeful." *Kosilek*, 774 F.3d at 83. Plaintiff's allegations lack any facts to support a finding that Defendant's alleged distribution of a higher dose of methadone than prescribed for Plaintiff was purposeful. Plaintiff, therefore, has not alleged enough facts to support a federal claim of deliberate indifference.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of February, 2023.